[No. 1876, January 20, 1917.]

## JONES et al. v. BOARD OF COMMISSIONERS OF DOÑA ANA COUNTY.

### SYLLABUS BY THE COURT.

Allegations of a complaint examined, and **held** to state a cause of action in so far as the provisions of section 23 of chapter 58, Laws of 1899, as amended by chapter 44, Laws of 1901, are involved.

Appeal from District Court, Doña Ana County; Medler, Judge.

Action by W. A. Fleming Jones and another against the Board of County Commissioners of Doña Ana County. From a judgment sustaining a demurrer to the complaint, plaintiffs appeal. Reversed and remanded, with directions.

WADE, TAYLOR & WADE of Las Cruces, for appellants.

HARRY S. BOWMAN, Assistant Attorney General, for appellee.

### OPINION OF THE COURT.

PARKER, J.—The plaintiffs below, appellants here, brought an action for damages against the defendant, appellee here, for the breach of a contract to sell an issue of county refunding bonds in the amount of $70,000. The plaintiffs made a written proposal to buy the bonds for $70,200, which offer was, by resolution of the board of county commissioners, duly accepted. The county commissioners failed and refused to sell the bonds to the

plaintiffs, although requested so to do, and sold them to another person. This issue of refunding bonds was for the purpose of retiring the old bonds of the county, none of which were due, but all of which were redeemable at the option of the county; more than 20 years having elapsed from the date of their issue. The old bonds bore interest at the rate of 6 per cent. per annum, and the refunding bonds were to bear 5 per cent. per annum, and it was for this reason that the county was desirous of refunding the old issue. A demurrer to the complaint was filed upon the ground, generally, that the complaint failed to state a cause of action, and certain specific reasons were assigned therein why the complaint failed to state a cause of action. The demurrer was sustained, and, the plaintiffs electing not to plead further, the court dismissed the complaint, from which judgment this appeal was taken.

The plaintiffs rely upon section 23 of chapter 58 of the Laws of 1899, as amended by chapter 44 of the Laws of 1901, which section as amended reads as follows:

"That section 23 of chapter 58, be and the same is hereby amended so as to read as follows, to-wit: 'Section 23. That at any time when any judgment is outstanding, or any outstanding bond or bonds of any county, city, village, school district or any municipality of this territory, may become redeemable at the option of such county, city, town, village, school district or other municipality by the provisions thereof, the holder or holders of which fail, refuse of neglect to surrender the same under the provisions of this act, then it shall be lawful for any such county, city, town, village, school district or other municipality to issue bonds hereunder, and dispose of the same at not less than ninety-five per cent. of the par value thereof, if the interest be fixed to exceed four per cent. per annum, and not exceeding five per cent. and not less than ninety per cent. of the par value thereof if the interest shall be fixed at four per cent. per annum or less, and out of the proceeds thereof pay, satisfy and take up any such oustanding judgment, bonds or coupons, or any portion thereof, that may bear a higher rate of interest than herein provided; and all outstanding bonds so taken up shall be burned and destroyed in the manner provided by this act, and said judgments at the time of payment shall be properly satisfied of record by the parties having the right so to do. Bonds issued under the provisions of this section, shall not in any event be construed as creating any new or additional indebtedness.' "

The demurrer was sustained generally, and hence we are unable to be sure as to just what ground the court took in so ruling. The complaint contains an allegation that the holders of the old bonds had "failed and neglected to surrender the same or to apply for the benefits of those certain acts of the legislative assembly of the territory of New Mexico, entitled 'An act to provide for the refunding of the bonded indebtedness of the territory of New Mexico and the various counties and municipalities thereof,' approved March 16, 1899, and an act entitled 'An act to authorize the refunding of the bonded indebtedness of counties and municipalities of the territory of New Mexico and for other purposes,' approved March 19, 1901." These are the statutes above referred to.

It is to be observed that the words "fail, refuse or neglect," appearing in section 23, are used in the disjunctive, and it is argued by appellant that, if the holders of the old bonds either failed or refused or neglected to surrender their bonds, the county was at liberty to issue new bonds to provide the money to redeem the old bonds. This construction of these words is undoubtedly correct, and the pleading of the plaintiff is sufficient in this regard for that reason. No motion was made to make the complaint more definite and certain as to how the old bondholders had either failed, refused, or neglected to surrender the bonds, and consequently the pleading cannot be attacked in this court for indefiniteness. The complaint therefore states a cause of action, and the court was in error in sustaining the demurrer.

We cannot remand this case without calling the attention of the parties and the court below to some questions which must necessarily arise, but which are not before us for decision at this time. The language used in section 23, as follows, "the holder or holders of which fail, refuse, or neglect to surrender the same under the provisions of this act," will necessarily come before the court for consideration. Just how a bondholder can be said to have failed, refused, or neglected to surrender his bonds, which are not due, and which are only redeemable at the

option of the county, until he has had notice of the election of the county to refund the bonds and has been requested to surrender the same for payment, we are unable to understand. A person upon whom there is imposed no duty cannot be said to fail, refuse, or neglect to perform some act until the circumstances are brought to his attention in such a way as to require him to act. If the bondholder is required to have some notice, the question then arises, under this statute, as to what kind of notice he shall receive. The case also presents difficulties in determining what is meant by the words "under the provisions of this act," in this section. The only provision in the act concerning the surrender of old bonds is contained in section 13, which provides for the surrender of old bonds which have matured or are about to mature, and which would seem to give to the holder of the old bonds a right, if he consents thereto, to take in payment or exchange the new bonds. The same provision as is contained in section 23 is contained in section 12 of the act, in regard to territorial bonds. It is a question as to whether the provision in section 23, above quoted, does not require, upon the election of the county to redeem outstanding bonds prior to maturity, the obtaining of the consent or the refusal of the then bondholders to take the new issue of bonds in lieu of the old bonds before the county is authorized to put out the new issue to third parties.

What has been said in this paragraph is by way of suggestion only; the district court never having decided, so far as appears from this record, any of these questions.

For the reasons stated, the judgment of the lower court will be reversed, and the cause remanded, with instructions to overrule the demurrer and to proceed in accordance herewith, and it is so ordered. .

HANNA, C.J., and ROBERTS, J., concur.