(No. 2818.)

## PADILLA v. SOCORRO.

Section 3646 of the 1915 Code construed and held, by its terms, to authorize a city to refund its matured indebtedness, bearing interest at 6 per cent, and evidenced by judgments based on past-due bonds, by issuing its 5 per cent. bonds in an amount exceeding the amount of the indebtedness sought to be refunded, so that a sale thereof at not less than 95 will produce a fund equal to such indebtedness.

Appeal from District Court, Socorro County; Owen, Judge.

Action by Damian Padilla against the City of Socorro and others.    From a judgment dismissing the complaint, plaintiff appeals.    Affirmed.

Albert H. Clancy, of Santa Fe, for appellant.

C. C. Catron, of Santa Fe, and J. A. Lowe, of Socorro, for appellees.

### OPINION OF THE COURT

BOTTS, J.    The city of Socorro is indebted in the sum of $31,769.65, as evidenced by unsatisfied judgments.    While it does not appear in the record, it is admitted on oral argument that these judgments are all based upon past-due city bonds theretofore issued and negotiated.    These judgments bear interest at the rate of 6 per cent. per annum, and the amount of indebtedness includes accrued interest to December 1, 1922.    An effort was made to compromise this indebtedness under the provisions of section 3640 of the Code,

but the judgment creditors refused to consent thereto, and the city now proposes to issue 5 per cent, refunding bonds in the amount of $33,500 par value, and to sell the same at 95 , and use the proceeds of such sale to pay and discharge said judgments under the provisions of section 3646 of the Code. All necessary steps by way of ordinance, etc., have been taken to effect the desired end, and no question is here raised as to the procedure adopted by the city, if the city had the power to issue and sell the bonds as contemplated. The plaintiff and appellant as a taxpayer seeks to enjoin the issue and sale of these proposed bonds, upon the ground that a proper construction of the statute does not authorize the city to refund this indebtedness in the manner proposed. The court below entered judgment dismissing the complaint, and the case is now before us on appeal.

The only source of power and the only limitation of such power on the part of the city to issue and sell the bonds now in question, which have been called to our attention, are those contained in the sections of the Code above mentioned, which are as follows:

"3640. Every city, town, village and school district within this state is hereby authorized· and required to compromise and refund its matured and maturing indebtedness, evidenced by outstanding bonds, interest coupons and judgments, whenever the holders and owners thereof shall consent thereto, and to issue new bonds as provided in this article, in payment 'or exchange at par for any sum· so compromised or refunded in the manner in this article provided.

"3646. That at any time when any judgment is outstanding, or any outstanding bond or bonds of any city, village, school district or any municipality of this state, may become redeemable at the option of such city, town, village, school district or other municipality by the provisions thereof, the holder or holders of which fail, refuse or neglect to surrender the same under the provisions of this article, then it shall be lawful for any such city, town, village, school district of other municipality to issue bonds hereunder, and dispose of the same at not less than ninety-five per cent. of the par value thereof, if the interest be fixed to exceed four per cent. per annum, and not exceeding five per cent. and not less than ninety per cent. of the par value thereof, if the interest shall be fixed at four per cent. per annum or less, and out of the proceeds thereof pay, satisfy and take up

any such outstanding judgment, bonds or coupons, or any portion thereof, that may bear a higher rate of interest than herein provided; and all outstanding bonds so taken up shall be burned and destroyed in the manner provided by this article and said judgments at the time of payment shall be properly satisfied of record by the parties having the right so to do. Bonds issued under the provisions of this section, shall not in any event be construed as creating any new or additional indebtedness.''

Appellant concedes that the city has first sought relief under the provisions of section 3640, as suggested by this court in Jones v. Commissioners, 22 N. M. 388, 162 Pac. 353, and that the judgment creditors have refused to consent to a compromise, and further concedes the validity of the bonds in question, if section 3646 be held applicable to the facts in this case; but contends that said section has no such application, first, because it relates only to the refunding of indebtedness redeemable at the option of the city, and does not relate to indebtedness which has matured and become absolutely payable, and, second, because by the issue of bonds in excess of the face of the indebtedness sought to be liquidated, the city has gone beyond the terms of the statute; although it is conceded as a fact that the excess is necessary to produce the required funds if the new bonds be sold at 95, and that it is impossible to sell the bonds at a higher figure.

The sole question submitted for decision is: Does section 3646, by its terms, authorize a city to refund its matured indebtedness bearing 6 per cent. interest, by the issue and sale of its 5 per cent. bonds at 95, in an amount exceeding the amount of the indebtedness sought to be refunded, so that the proceeds of such sale will satisfy such indebtedness?

Appellant's position would seem to be well taken, if this statute were in the form as originally enacted. Section 23, c. 58, Session Laws 1899. The original act made no provision for refunding matured indebtedness, except under section 3640 (section 13 of the 1899 act), and required the bonds to be sold at par. But two years after its enactment the section was amended so

as to permit the refunding of judgments, where no compromise could be effected with the creditor, by the sale of refunding bonds at not less than 95. Section 5, c. 44, Session Laws 1901. Thus the legislation stands as section 3646 of the Code. A careful study of the history of this legislation indicates that is was the final object of the Legislature to authorize the payment of a matured obligation, which had been reduced to judgment, by means of funds derived from the sale of a new obligation. Appellant's first position is therefore untenable.

But, assuming this to be so, appellant further contends that the face of the new obligation cannot, under the statute, exceed the face of the old. If that be true then why did the Legislature authorize the sale of the new obligation at 95? Assuredly the old obligation could not be paid off by the sale of a new of the same face value at 95; yet the liquidation of the old indebtedness was the very object sought. It naturally follows that it was intended that the new obligation should be of a face value sufficient, when sold at less than par, to produce funds equal to the face of the old indebtedness sought to be paid off. Otherwise the entire object of the act would be defeated, unless the new bonds could be sold at par or better, the authority to sell at 95 would be meaningless, and there would have been no object in amending section 23 (now section 3646 of the Code) as it stood in the original act of 1899.

It follows that court below correctly decided the question presented here, and that the judgment, therefore, should be affirmed, and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.